UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD CLARENCE BABCOCK,

        Petitioner,         CASE NO. 07-12913

v.        HON. MARIANNE O. BATTANI

LINDA METRISH,

        Respondent.

_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT
AND RECOMMENDATION AND GRANTING PETITIONER'S
<u>APPLICATION FOR THE WRIT OF HABEAS CORPUS</u>**

Petitioner Ronald Clarence Babcock filed an Application for Writ of Habeas Corpus under 28 U.S.C. § 2254, alleging that he was denied his constitutional right to confront his accusers during his state-court criminal trial. The Court referred this matter to Magistrate Judge Paul J. Komives for Report and Recommendation (R&R). On October 28, 2009, Magistrate Judge Komives issued his R&R, recommending that the Court grant Petitioner's application. Respondent objects. For the reasons that follow, the Court **GRANTS** the writ.

**I. BACKGROUND**

A jury convicted Babcock of possession of a firearm by a felon in violation of MICH. COMP. LAWS § 750.224f, and possession of a firearm during the commission of a felony in violation of MICH. COMP. LAWS § 750.227b. He appealed as of right raising numerous claims, including his assertion that his right to confront the witnesses had been violated. The state court of appeals agreed that his right had been violated, but

concluded that the error was harmless. See People v. Babcock, No. 261162, 2006 WL 2739328 (Mich. Ct. App. Sept. 26, 2006). Petitioner sought leave to appeal in the state supreme court, which was denied. See People v. Babcock, 730 N.W.2d 474 (Mich. 2007). Babcock then filed his Application for Writ of Habeas Corpus, raising among other things, the confrontation clause.

After reviewing the application, the Magistrate Judge concluded that the admission of a transcript of Trooper Hare's deposition testimony violated Babcock's Sixth Amendment right to confront the witnesses against him. The trial court allowed the officer's testimony despite that fact that she was not unavailable, merely absent. Specifically, Trooper Hare was on vacation at the time of trial.

Respondent does not dispute this finding; however, Respondent does dispute the Magistrate Judge's conclusion that the admission of the testimony was not harmless error.

The Court relies on the facts as recited by the Michigan Court of Appeals.

> [Babcock] is a convicted felon. He was ineligible to possess a firearm at all times relevant to this case. [Babcock's] former girlfriend, Shawn Lester, testified that while they were still dating, [he] selected a .22 rifle from Wal-Mart and gave her money with instructions to purchase it for him. She purchased the gun and some ammunition and took it to her home, where defendant took the gun and demonstrated to her how to load it. She insisted that defendant not remove the gun from her home because she knew he was a felon and ineligible to possess it, but he nevertheless took it and the ammunition out with him the next day. Cindy Pero, the sister of one of defendant's friends testified that defendant took the gun to her house because he and his friend were going to shoot skeet with it. Lester later retrieved the gun from Pero's house after reporting the matter to a police officer. Lester took the gun to Stella Sherman, who placed it in her husband's gun safe. Lester admitted that this was

> some time after she and defendant had broken up. State Police Officer Hilary Hare retrieved the gun from Sherman's house and later interviewed defendant at jail.

People v. Babcock, 2006 WL 2739328 at *1.

## II. STANDARD OF REVIEW

A district court must conduct a *de novo* review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of *de novo* review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[] that the district judge would be the final arbiter" of a matter referred to a magistrate. Flournoy v. Marshall, 842 F.2d 875, 878 (6th Cir. 1987).

## III. ANALYSIS

The Supreme Court has held that "that in § 2254 proceedings a court must assess the prejudicial impact of constitutional error in a state-court criminal trial under the 'substantial and injurious effect' standard" articulated in Brecht v. Abrahamson, 507 U.S. 619 (1993). Fry v. Pliler, 551 U.S. 112, 119 (2007). Further, the court need not be certain of the substantial and injurious effect; the standard is whether grave doubt exists. O'Neal v. McAnisnch, 513 U.S. 432, 436 91995) (quotation omitted).

Respondent objects to the Magistrate Judge's conclusion that "grave doubt" exists as to whether the admission of Trooper Hare's testimony had a "substantial and

3

injurious effect on the verdict." R&R at 13 (quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946). Respondent relies on the state appellate court's evaluation of the issue. The state court declined to find any harm resulted from the error, concluding that the jury verdict would have been the same absent the error. The state court noted several facts as relevant to its conclusion: first, the prosecution offered substantial evidence of Babcock's guilt; second, two witnesses testified that they personally observed Babcock in possession of the firearm; and third, Babcock had stipulated that he was a felon. It reasoned that "[t]his evidence alone would be sufficient to conclude that the verdict was unaffected by Officer Hare's testimony, particularly given that she did not personally witness defendant in possession of the rifle." People v. Babcock, 2006 WL 2739328 at *3.

Another consideration addressed by the state court was a note sent by the jury during deliberation. The note asks whether Babcock admitted to taking the gun from the house. The state appellate court declined to infer from the note that the jury found the rest of the testimony unconvincing. Id.

In contrast, the Magistrate Judge concluded that the question during deliberation, coupled with the jury's prior question about the meaning of possession, indicated that the jury replied on Hare's testimony in rendering its verdict. The genesis of the note is Hare's deposition testimony that Babcock admitted to her that he had Lester purchase a rifle and that he moved it to Pero's residence. When the jury sent the note asking whether Babcock had confessed to possessing the gun, the trial judge answered yes. As noted by the Magistrate Judge, the answer included no comment that Hare had testified to this fact or that the jurors should use their collective memory to

recall the evidence.

The note was not the sole basis for the Magistrate Judge's recommendation. He identified other factors in support, including the cross-examination of the other witnesses. Specifically, Babcock's attorney impeached Lester with her prior inconsistent statements and her motive to lie. Further, the testimony of Lester's long-time friend, Pero, lacked corroborating evidence.

Magistrate Judge Komives summarized his recommendation:

> In short, in light of the less than overwhelming nature of the evidence, the particular probative force of a defendant's own confession, the jury's note honing in on the improperly admitted testimony, and the trial court's response which essentially directed a finding of fact on the issue of whether petitioner possessed the gun, there is well more than a "grave doubt" as to whether the admission of Hare's testimony had a substantial and injurious effect on the jury's verdict. Rather, it seems exceedingly likely that Hare's improperly admitted testimony substantially contributed to the jury's finding of guilt. Accordingly, the Court should conclude that petitioner is entitled to habeas relief on this claim.

R&R at 16-17.

The Court reaches the same conclusion. It is not persuaded to the contrary by Respondent's argument that there is no basis to infer that Pero's friendship with Lester impacted her credibility or that the jury would believe she perjured herself. Respondent's characterization of Pero's testimony as "unassailable" ignores the relationship between Pero and Lester merely because Pero knew Babcock as an acquaintance. In light of the jury's note, the significance of Hare's testimony about Petitioner's confession cannot be downplayed. The trial court's answer vouched for Hare's credibility, portraying her testimony as undisputed fact. For this reason, the

5

Court has grave doubt about the substantial and injurious effect the admission of Trooper Hare's testimony had on the jury verdict.

## IV. CONCLUSION

The Court therefore **ADOPTS** the Report & Recommendation in its entirety, **GRANTS** Petitioner's application for the writ of habeas corpus, and **ORDERS** the State of Michigan to either retry Petitioner within 120 days or release him.

**IT IS SO ORDERED.**

                                         s/Marianne O. Battani
                                         MARIANNE O. BATTANI
                                         UNITED STATES DISTRICT JUDGE

DATED: December 11, 2009

## CERTIFICATE OF SERVICE

Copies of this Order were served upon Petitioner and counsel of record on this date by ordinary mail and/or electronic filing.

                                         s/Bernadette M. Thebolt
                                         Case Manager