**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RONALD CLARENCE BABCOCK,

               Petitioner,

v.                                 CIVIL CASE NO. 07-12913
                                 HON. MARIANNE O. BATTANI

LINDA METRISH,

               Respondent.

_____/

**ORDER GRANTING RESPONDENT'S MOTION FOR IMMEDIATE**
**CONSIDERATION AND MOTION FOR STAY PENDING APPEAL**

**I.    INTRODUCTION**

      Before the Court is Respondent's Motion for Immediate Consideration and

Motion for Stay Pending Appeal (Doc. No. 21).  Petitioner, Ronald Babcock, is a state

inmate, currently serving a 46 to 360 months term of imprisonment as a fourth habitual

felony offender for felon in possession of a firearm and felony firearms.  This Court

conditionally granted Babcock's petition for habeas relief on December 11, 2009,

ordering that he be released or retried within 120 days.

      Respondent filed a notice of appeal of that decision, and filed the instant motion,

asking the Court to stay enforcement of its decision in order to keep Petitioner in

custody pending resolution of the appeal.

II.    **STANDARD OF REVIEW**

Under Federal Rule of Appellate Procedure 23(c), "While a decision ordering the release of a prisoner is under review, the prisoner must--unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise--be released on personal recognizance, with or without surety." FED. R. CIV. P. 23(c). The rule "undoubtedly creates a presumption of release from custody" when a district court order grants relief to a habeas petitioner. Hilton v. Braunskill, 481 U.S. 770, 774 (1987).

When a party asks a district court to stay enforcement of its order, the following factors are considered: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Id. at 776. "The interest of the habeas petitioner in release pending appeal [is] always substantial. . . ." Id. at 777-78. The balancing of the factors depends in large measure "upon the determination of the State's prospects of success in its appeal." Id. at 778.

III.    **ANALYSIS**

Respondent did not dispute that the admission of a transcript of a law enforcement officer's deposition testimony violated Babcock's Sixth Amendment right to confront the witnesses against him. Nevertheless, Respondent maintains that she is likely to prevail on the merits because the admission of the deposition testimony at trial constituted harmless error given the testimony was "sufficiently redundant" of other

2

testimony at trial.  <u>See</u> Respondent's motion at p. 4.  Also, Respondent maintains that the Court failed to give appropriate deference to the state court's reasonable determination of the facts.  <u>Id.</u>

Although the Court already considered the arguments raised in this regard and rejected them, the Court also recognizes that the Sixth Circuit Court of Appeals may disagree with this Court's analysis of Petitioner's claim.  As such, Respondent has raised a debatable issue.

The Court finds the remaining <u>Hilton</u> factors favor Respondent's request.  The public has divergent and competing interests in enforcement of the State's sentences and in the State releasing individuals incarcerated in violation of the United States Constitution.  The public also has an interest in being protected from dangerous individuals.  Here, Respondent argues that the citizens of the state of Michigan would be irreparably harmed by Petitioner's release because he is a fourth habitual felony offender with a prior aggravated stalking conviction.  To emphasize this point, Respondent summarizes the details of the offense:  Petitioner "went to his ex-wife's home, kicked in the door, hit her in the head, and proceeded to resist the officers when they came to that residence."  <u>See</u> Respondent's motion at p. 5, (citing Sentencing Hearing, February 7, 2005, p. 13).  Thereafter, Babcock possessed a firearm.

The Court agrees that Petitioner poses a risk to society.  As noted by the <u>Hilton</u> Court, Babcock "is in a considerably less favorable position than a pretrial arrestee. . .to challenge his continued detention pending appeal.  Unlike a pretrial arrestee, a state habeas petitioner has been adjudged guilty beyond a reasonable doubt by a judge or jury, and this adjudication of guilt has been upheld by the appellate courts of the State."

3

481 U.S. at 779.  In this case, the public's interest in having the State's judgments and sentences enforced outweighs Petitioner's injury by continued imprisonment pending appeal.  The Court further recognizes the waste of limited judicial resources that arises when the State must retry Petitioner while appealing this Court's order to the Sixth Circuit Court of Appeals.

The Court therefore finds, under the facts of this case, that the best way to reconcile Petitioner's and Respondent's divergent interests is to **GRANT** Respondent's Motion for Stay Pending Appeal.

## IV.   CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Respondent's Motion for Immediate Consideration and Motion for Stay Pending Appeal is **GRANTED** and this Court's Opinion and Order Granting Petition for Writ of Habeas Corpus is **STAYED PENDING DISPOSITION OF APPEAL** in the United States Court of Appeals for the Sixth Circuit.

**IT IS FURTHER ORDERED** that, if the Sixth Circuit Court of Appeals affirms this Court's judgment granting a writ of habeas corpus, the stay shall be lifted automatically and the State must schedule a new trial within **NINETY DAYS** of the disposition of the appeal or Petitioner shall be released unconditionally .

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED: January 19, 2010

4

**CERTIFICATE OF SERVICE**

Copies of this Order were served upon counsel of record on this date by ordinary

mail and/or electronic filing.

s/Bernadette M. Thebolt
Case Manager
